IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT MANNINO,

      Petitioner,                     No. CIV S-06-2015 FCD KJM P

    vs.

WARDEN, CSP SOLANO, et al.,

      Respondents.                <u>ORDER</u>

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. On March 20, 2007, respondents filed a motion asking that this matter be transferred to the United States District Court for the Central District of California.

        After reviewing petitioner's habeas application, it appears the only claim that is cognizable in a federal habeas action is claim three in which petitioner challenges his guilty plea.[1] The more appropriate forum for that claim is the Central District because any and all

---

[1] In claim one, petitioner appears to challenge rulings in state collateral actions which, in and of itself, does not provide a basis for relief. In claim two, petitioner challenges the fact that the California Department of Corrections and Rehabilitation is collecting restitution payments from petitioner. This claim is not cognizable in a habeas action, however, because petitioner is

1

1 witnesses and evidence necessary for the resolution of the claim are more readily available in
2 Riverside County.  Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973).

Accordingly, in the furtherance of justice, IT IS HEREBY ORDERED that:

1. Respondents' request that this matter be transferred (#7) is granted; and

2. This matter is transferred to the United States District Court for the Central District of California.

DATED:  May 2, 2008.

_____
U.S. MAGISTRATE JUDGE

1
mann2015.108

---

not challenging the fact or duration of his confinement.  See United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002).